O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-1476 AHM (DTBx) | Date | February 17, 2010 |
|---|---|---|---|
| Title | REGULO HERNANDEZ v. WELLS FARGO HOME MORTGAGE, INC., *et al*. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: | |

**Proceedings:**   IN CHAMBERS (No Proceedings Held)

This case recently was transferred to this Court.

On June 15, 2009, Plaintiff Regulo Hernandez, *pro se*, filed this action in the Superior Court of California for the County of Los Angeles.  Plaintiff, in his Complaint, alleges five causes of action against Defendants Wells Fargo Bank, N.A. (sued as both Wells Fargo Bank, N.A. and Wells Fargo Home Mortgage, Inc.) and First American Loanstar Trustee Services (collectively, "Defendants") for: (1) violation of Cal. Civ. Code § 2923.6; (2) violation of California's Rosenthal Fair Debt Collections Practices Act ("RFDCPA"), Cal. Civ. Code. § 1788.17; (3) violation of Cal. Civ. Code § 1572; (4) declaratory relief; and (5) injunctive relief.  (Compl. ¶¶ 65-105.)  Additionally, Plaintiff alleges that Defendants lack standing to conduct a non-juidicial foreclosure pursuant to Cal. Civ. Code § 2932.5 and Cal. Com. Code § 3301. (*Id*. ¶¶ 37-59.)

On August 5, 2009, Defendants filed a timely Notice of Removal ("NOR"), alleging federal question jurisdiction under 28 U.S.C. § 1331.

A federal court must determine its own jurisdiction even if there is no objection to it.  *Rains v. Criterion Sys., Inc.,* 80 F.3d 339 (9th Cir. 1996); William Schwarzer et al., CAL. PRAC. GUIDE: FED. CIV. PRO. BEFORE TRIAL § 2:609.5 (2009) ("Even if no objection is made to removal or both sides stipulate to federal jurisdiction, the district court has an independent obligation to examine whether removal jurisdiction exists before deciding any issue on the merits."). Jurisdiction must be determined from the face of the complaint. *Caterpillar, Inc. v. Williams,* 482 U.S. 386 (1987). A federal court has jurisdiction over claims "arising under" federal law.  28 U.S.C. § 1331.  The federal

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-1476 AHM (DTBx) | Date | February 17, 2010 |
|---|---|---|---|
| Title | REGULO HERNANDEZ v. WELLS FARGO HOME MORTGAGE, INC., *et al.* | | |

question must be clear from the well-pleaded complaint; a responsive pleading such as a counterclaim, cross-claim, or third-party claim cannot form the basis for federal question jurisdiction. *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826 (2002); *see also* William Shwarzer et al., CAL. PRAC. GUIDE: FED. CIV. PRO. BEFORE TRIAL §§ 2:697, 2:704.5 (2009). A court may *sua sponte* remand a case to state court for lack of subject matter jurisdiction without briefing or hearing if the lack of jurisdiction is clear. *Cooper v. Washington Mut. Bank*, 2003 WL 1563999 (N.D. Cal. 2003).

In their NOR, Defendants argue that Plaintiff's second claim—in which Plaintiff alleges that Defendants violated the RFCDPA, Cal. Civ. Code § 1788.17 by not complying with various provisions of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*—and corresponding prayer for damages creates a federal cause of action that warrants the exercise of federal jurisdiction.[1]

In determining whether federal jurisdiction attaches to a state law claim that is predicated on violations of federal law, a court must examine whether the "state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 314 (2005). "It is not enough that the court may have to interpret federal laws or regulations. 'Arising under' jurisdiction exists only 'where the vindication of a right under state law necessarily turn(s) on some construction of federal law.'" William Schwarzer *et al.*, CAL. PRAC. GUIDE: FED. CIV. PRO. BEFORE TRIAL § 2:108 (2009) (quoting *Merrell Dow Pharmaceuticals Inc. v. Thompson,* 478 US 804, 808 (1986)).

In this case, the Complaint does not present a federal question. Plaintiff's references to the FDCPA in his second cause of action for violation of the RFCDPA do not create a claim that "arises under" federal law. The federal issues raised in Plaintiff's claims—all of which are state law causes of action—do not reach the level of

---

[1] Cal. Civ. Code § 1788.17 provides, in relevant part: "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-1476 AHM (DTBx) | Date | February 17, 2010 |
|---|---|---|---|
| Title | REGULO HERNANDEZ v. WELLS FARGO HOME MORTGAGE, INC., *et al*. | | |

substantiality to support the exercise of federal jurisdiction. *See Grable*, 545 U.S. at 314 ("[T]he presence of a disputed federal issue and the ostensible importance of a federal forum are never necessarily dispositive; there must always be an assessment of any disruptive portent in exercising federal jurisdiction."). *Accord Cable v. Protection One, Inc*., No. SACV 09-783 JVS (RNBx), 2009 WL 2970111 (C.D.Cal. Sept. 9, 2009) ("To whatever extent the RFDCPA imports elements of the FDCPA, it remains a state claim, and does not invoke federal policies of such significance to warrant federal question jurisdiction."); *Ortega v. HomEq Servicing*, No. CV 09-02130 MMM (DTBx), 2010 WL 383368 (C.D. Cal. Jan. 25, 2010) ("Since the provisions [of the FDCPA] are incorporated in and made part of state law, referencing the federal statute does not automatically transform [Plaintiff's] RFDCPA claim into a federal claim.").

Accordingly, this Court lacks jurisdiction over the claim that was the only basis for removal, and therefore *sua sponte* REMANDS this case to Riverside County Superior Court.

This Order is not intended for publication or for inclusion in the databases of Westlaw or LEXIS.

**JS-6**

|  | : |
|---|---|
| Initials of Preparer | SMO |